IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                            Criminal No. **3:14CR121**

KEYANA BARNES,

     Petitioner.

## MEMORANDUM OPINION

Keyana Barnes, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("§ 2255 Motion," ECF No. 168). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion.[1] (ECF No. 170.) Barnes has responded. (ECF No. 179.) For the reasons set forth below, the § 2255 Motion will be DENIED as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On May 4, 2015, Barnes pled guilty to access device fraud (Count Four) and aggravated identity theft (Count Six) as detailed in the Superseding Indictment filed against her. (Plea Agreement ¶ 1, ECF No. 86.) On August 7, 2015, the Court entered judgment and sentenced Barnes to a total of 39 months of imprisonment, consisting of fifteen months on Count Four and twenty-four months on Count Six. (J. 2, ECF No. 140.) Barnes did not appeal.

---

[1] The Government's Response in Opposition requests that this Court construe Barnes's § 2255 Motion as a Motion pursuant to 18 U.S.C. § 3582(c)(2). (Gov't's Resp. 5, ECF No. 170.) However, as Barnes's § 2255 Motion is readily dismissed as barred by the statute of limitations, the Court declines to do so. Furthermore, motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 Fed. App'x 254, 255 (4th Cir. 2011). The Court will process any request for relief under 18 U.S.C. § 3582 upon receipt of an appropriate motion from Barnes.

On August 23, 2016, Barnes executed and placed her § 2255 Motion in the prison mail system for transmission to this Court. (§ 2255 Mot. 13.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In her § 2255 Motion, Barnes argues that she is entitled to relief based on the "Retroactive Minor Role Reduction" pursuant to United States Sentencing Guidelines ("USSG") Amendment 794. (§ 2255 Mot. 4–5.) Specifically, Barnes contends:

| | |
|---|---|
| Ground One: | "The degree to which [Barnes] exercised decision-making authority or influenced the exercise of decision-making authority should be considered due to the nature of [Barnes's] involvement." (*Id.* at 4.) |
| Ground Two: | "[That Barnes] performed an essential or indispensable role in the criminal activity is not determined and [Barnes] is substantially less culpable than the average participant in the criminal activity." (*Id.* at 5.) |

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    **(1)** the date on which the judgment of conviction becomes final;

    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court employs the pagination assigned to Barnes's submissions by the CM/ECF docketing system.

**(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Barnes did not appeal, under 28 U.S.C. § 2255(f)(1), her conviction became final on Friday, August 21, 2015, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Barnes until had Monday, August 22, 2016 to file any motion under 28 U.S.C. § 2255. Because Barnes did not file her § 2255 Motion until August 23, 2016, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1). *See Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003) (concluding that a habeas petitioner's § 2254 petition was untimely filed when it was filed one day after the expiration of the statute of limitations).

Although Barnes's § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1), Barnes argues that she is entitled to belated commencement of the limitations period pursuant to 28 U.S.C. § 2255(f)(3) and 28 U.S.C. § 2255(f)(4).[3] (§ 2255 Mot. 12; Reply 2.) The Court will analyze each of Barnes's arguments in turn.

---

[3] Barnes also argues in her Reply that her § 2255 Motion is timely because her involvement in the crime she was convicted of was minimal and thus her sentencing without USSG Amendment 794 is an "exceptional circumstance" and a "complete miscarriage of justice." (Reply 2–3 (internal quotation marks omitted).) Barnes cites to *Davis v. United States*, 417 U.S. 333, 346 (1974) in support of her argument. In *Davis*, the Supreme Court held, *inter alia*, that claims by a habeas petitioner that he is in custody in violation of the laws of the United States are cognizable in collateral proceedings. *Id.* at 345. *Davis* did not involve the applicability of the statute of limitations to § 2255 motions. Barnes's argument is irrelevant to whether her § 2255 Motion is timely and is likely not cognizable in a § 2255 motion. *See United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" an error in the calculation of the sentencing guidelines is not cognizable in a § 2255 motion); *see also United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (explaining that "[w]hen the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence.").

## A.     28 U.S.C. § 2255(f)(3)

A petitioner is entitled to belated commencement of the limitations period under 28 U.S.C. § 2255(f)(3) based upon a right "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In her § 2255 Motion and Reply, Barnes argues that she is entitled to a minor role reduction of her sentence based on Amendment 794 to the USSG. (§ 2255 Mot. 14; Reply 2–4.) In support of her argument, Barnes cites to *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to defendant). However, as detailed below, Barnes's argument fails to render her § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3).

On November 1, 2015, the United States Sentencing Commission ("Commission") issued Amendment 794, which amended the commentary to USSG § 3B1.2. *Quintero-Leyva*, 823 F.3d at 521. Thus, the Amendment was issued by the Commission and did not create a right recognized by the Supreme Court as required under 28 U.S.C. § 2255(f)(3). Further, *Quintero-Leyva* held that Amendment 794 is only retroactive on direct appeal. *Id.* at 523–24. As the Government notes, USSG § 1B1.10 lists all of the USSG amendments that the Commission has made retroactively applicable to defendants on collateral review and Amendment 794 is not included. *See United States v. Hunley*, Nos. 7:14CR00050, 7:16CV81151, 2016 WL 4523417, at *1–2 (W.D. Va. Aug. 26, 2016). Therefore, Amendment 794 does not apply retroactively on collateral review. *Id.* As Barnes fails to demonstrate both that Amendment 794 created a right that was recognized by the Supreme Court and that it was made retroactive on collateral review, her § 2255 Motion fails to qualify for belated commencement under 28 U.S.C. § 2255(f)(3).

### B.    28 U.S.C. § 2255(f)(4)

Under 28 U.S.C. § 2255(f)(4), the limitations period for § 2255 motions commences on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). From Barnes's § 2255 Motion and Reply, the Court construes Barnes to argue that she was unable to discover that she may be eligible for a minor role reduction until Amendment 794 was issued by the Commission on November 1, 2015. (*See* § 2255 Mot. 13–14; Reply 2–4.) The question of timeliness then, turns on whether Amendment 794 constitutes a new "fact" that gives rise to Barnes's claims. *See Whiteside v. United States*, 775 F.3d 180, 183–84 (4th Cir. 2014). The Court must answer this question in the negative.

The Fourth Circuit has explained that a "change in law" does not qualify as a new "fact" for § 2255 purposes. *Id.* "Decisions that change the legal significance of certain facts without modifying them do not qualify under [28 U.S.C. § 2255](f)(4)." *Id.* at 184. In Barnes's case, there has not even been a change in the law. Rather, the Commission only amended the commentary to USSG § 3B1.2. Therefore, Amendment 794 cannot constitute a new "fact" for purposes of 28 U.S.C. § 2255(f)(4). *See United States v. Cousins*, Nos. 5:06CR00008, 5:15CV80858, 2016 WL 4031511, at *3 (W.D. Va. July 26, 2016) (concluding issuance of U.S. Department of Justice memorandum did not constitute a new "fact" for purposes of 28 U.S.C. § 2255(f)(4)), *appeal dismissed*, 669 F. App'x 667 (4th Cir. 2016). As such, Barnes's § 2255 Motion is not entitled to belated commencement pursuant to 28 U.S.C. § 2255(f)(4). Thus, Barnes has failed to demonstrate any basis for excusing her failure to comply with the statute of limitations.[4]

---

[4] Neither Barnes nor the record suggest a basis for a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2), or for equitable tolling.

## III.   CONCLUSION

For the foregoing reasons, Barnes's § 2255 Motion will be DENIED.  The action will be

DISMISSED.  A certificate of appealability will be DENIED.[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/ _____

John A. Gibney, Jr.
United States District Judge

Date: 9/26/17
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Barnes has not satisfied this standard.